U.S. RENTALS, INC., Appellant,

v.

MUNDY SERVICE CORPORATION and Mundy Contract Maintenance, Inc., Appellees.

No. 14–93–01058–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 22, 1995.

Rehearing Overruled July 20, 1995.

Robert S. Godlewski, Houston, for appellant.

Larry Funderburk, John Engvall, Jr., Houston, for appellees.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION ON MOTION FOR REHEARING

EDELMAN, Justice.

Appellant's motion for rehearing is overruled. Our opinion of April 20, 1995, is withdrawn and the following opinion is substituted therefor.

In this contractual indemnity case, U.S. Rentals, Inc. appeals a take-nothing summary judgment granted to Mundy Service Corporation and Mundy Contract Maintenance, Inc. (collectively, "Mundy") on the grounds that: (1) the conspicuousness requirement did not apply to the indemnity provision at issue; (2) the indemnity provision was conspicuous; and (3) a fact issue was raised whether Mundy had actual notice or knowledge of the indemnity agreement. We affirm.

In February of 1990, Mundy rented a forklift from U.S. Rentals for use at the Chevron Port Arthur plant. When it was delivered, Ron Patronella, the foreman in charge of Mundy's operations at the plant, signed a rental contract. In the lower left corner of the front of the contract was a boxed-in area. At the top of this area was the instruction *"IMPORTANT—PLEASE READ CARE-FULLY."* Immediately below this in small, ordinary typeface, was the statement, "[b]y accepting delivery of rented items, Customer agrees to all terms and conditions shown on the back, and front, of this rental contract. . . ." Below this statement were three more provisions, including a warranty disclaimer in bold, capital letters, and then a signature line.

Among the "ADDITIONAL TERMS AND CONDITIONS" on the back of the contract was the following indemnity provision:

**LIABILITY FOR DAMAGE TO EQUIP-MENT, PERSONS AND PROPERTY:** As U.S. Rentals has no control over the use of the rented items by customer, customer agrees to indemnify and hold U.S. Rentals harmless from any claims of third parties for loss, injury and damage to person or property arising out of customer's possession, use, maintenance, or return of equipment, including legal costs incurred in defense of such claims.

This was the seventh of fifteen provisions on the reverse side of the contract. In each provision, the heading and text were printed in the same typefaces, respectively, as those in the indemnity provision.[1]

While the forklift was at the Port Arthur plant, Glen Theriot, an employee of another contractor working at the plant, borrowed the forklift without Mundy's permission and was injured in an accident. Theriot sued U.S. Rentals under negligence and product liability theories. The jury found for U.S. Rentals on all counts, and a take-nothing judgment was entered.

Following that trial, U.S. Rentals requested, pursuant to the indemnity agreement in the rental contract, that Mundy reimburse it for $350,000.00 in costs spent defending the Theriot lawsuit. When Mundy refused, U.S. Rentals filed suit for recovery. The parties filed cross motions for summary judgment, and the trial court granted that of Mundy.

In the first of its three points of error, U.S. Rentals contends that the trial court erred in applying the conspicuousness prong of the fair notice requirement to invalidate its indemnity provision.[2]

■ In reviewing a summary judgment, we must: (1) determine whether the movant has shown that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law; and, in doing so, (2) take evidence favorable to the non-movant as true, and indulge every reasonable inference and any doubts in the non-movant's favor. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 549 (Tex.1985). Where, as here, a summary judgment does not specify the grounds upon which it was granted, we will affirm the judgment if any of the theories advanced in the motion is meritorious. *State Farm Fire & Casualty Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993).

Like most contracts, indemnity agreements transfer risk between parties. However, because indemnifying a party for its own negligence is an extraordinary shifting of risk, the Supreme Court has applied a fair notice requirement to indemnity agreements. *See Dresser Industries, Inc. v. Page Petroleum, Inc.,* 853 S.W.2d 505, 508 (Tex.1993).

■ The fair notice requirement includes the express negligence doctrine and the conspicuousness requirement. *Id.* Under the express negligence doctrine, a party seeking indemnity for the consequences of its own negligence must express that intent in specific terms within the four corners of the contract. *Ethyl Corp. v. Daniel Const. Co.,* 725 S.W.2d 705, 707–08 (Tex.1987). The conspicuousness requirement mandates that the indemnity agreement be noticeable to a reasonable person. *Dresser,* 853 S.W.2d at 508.

■ U.S. Rentals relies heavily on the Supreme Court's statement in *Dresser* that "[t]oday's opinion applies the fair notice requirements to indemnity agreements and releases only when such exculpatory agreements are utilized to relieve a party of liability for its own negligence in advance." *Id.* at 508 n. 1. Based on this statement, U.S. Rentals contends that it does not seek to be relieved of liability for its own negligence in this case because a jury found it not negligent. Therefore, it asserts that the conspicuousness requirement is not applicable to its claim for indemnity.

However, since this appeal was filed, the Texas Supreme Court specifically decided that an obligation to indemnify for defense costs is enforceable only if the underlying obligation to indemnify for the indemnitee's negligence is also enforceable by satisfaction of the express negligence test. *Fisk Elec. v. Constructors & Assocs.,* 888 S.W.2d 813, 813–

---

1. Terms and conditions preceding the indemnity provision on the back of the rental contract addressed use of the equipment, rental period, usage rates, terms of payments, continuous billing and compliance with law and safety regulations. Those following the indemnity provision dealt with insurance, sales tax, equipment failure, damage and theft waiver, termination, return of equipment, retaking of equipment and attorneys fees.

2. Although the summary judgment does not specify the grounds on which it was granted, Mundy's motion for summary judgment was based solely on application of the conspicuousness requirement.

814 (Tex.1994).[3] This determination does not depend on the outcome of the underlying suit, but is established as a matter of law from the pleadings. *Id.* at 815.

Although *Fisk* addresses only the express negligence prong of the fair notice doctrine,[4] the policy and reasoning of that decision are applicable to the entire fair notice doctrine. Moreover, we are aware of no instance in which the Texas Supreme Court has held that an indemnity agreement was subject to one prong of the fair notice requirement, but was not subject to the other. Therefore, we interpret *Fisk* to mean that an obligation to indemnify for defense costs is enforceable only if the indemnity agreement satisfies both the express negligence doctrine and the conspicuousness requirement. U.S. Rentals' first point of error is overruled.

■ In its second point of error, U.S. Rentals argues that the indemnity agreement met the conspicuousness requirement because: (1) the provision was set off by a conspicuous heading; (2) two statements on the front of the contract alerted the reader to the indemnity provision on the back;[5] (3) the overall content and format of the contract would have drawn a reasonable person's attention to the indemnity agreement; and (4) a reasonable person with Mundy's sophistication in the construction industry and experience in renting equipment would have noticed the indemnity provision. U.S. Rentals further argues that an almost identical indemnity provision was held to be conspicuous in *Goodyear Tire and Rubber Co. v. Jefferson Constr. Co.*, 565 S.W.2d 916 (Tex.1978). We disagree.

■ Indemnity agreements are subject to the standard of conspicuousness contained in the Texas Uniform Commercial Code. *Dresser*, 853 S.W.2d at 511. For this purpose, a term or clause is "conspicuous" when it is written so that a person against whom it is to operate ought to have noticed it. TEX. BUS. & COM.CODE ANN. § 1.201(10) (Tex. UCC) (Vernon 1994). This conspicuousness standard is met by a heading printed in capital letters and by text printed in larger or other contrasting type. *Id.*

In the present case, the indemnity provision was the seventh of fifteen unrelated provisions spanning the back of the rental contract. The headings and text of all fifteen were printed in the same respective sizes and types. Thus, the indemnity provision was no more visible than any other provision on the back of the page. Moreover, neither the statements on the front of the contract nor the heading of the indemnity provision said anything to alert renters that they were entering into an indemnity agreement.[6] In light of these considerations, we do not believe that the indemnity provision was written so that a person against whom it was to operate ought to have noticed it, within the meaning of Section 1.201(10).

■ Contrary to U.S. Rentals' fourth argument, we read *Fisk, Dresser*, and other relevant decisions to direct that the conspicuousness of an indemnity agreement be established by objective factors on the face of the agreement, rather than to vary according to the subjective sophistication and experience of each party against whom the agreement may be asserted.

---

**3.** Since the applicable law has changed during the pendency of this appeal, we must render our decision in light of the change in law. *Blair v. Fletcher*, 849 S.W.2d 344, 345 (Tex.1993).

**4.** U.S. Rentals contends, and we agree, that the application of the express negligence doctrine to this agreement is not properly before us on appeal because Mundy's motion for summary judgment was based solely on the conspicuousness requirement.

**5.** In addition to the statement referred to above, the lower center of the front of the contract contained another box with the statement in

small, bold letters, "[c]ustomer remains responsible for all loss or damage resulting from causes listed on the back of this contract, including negligence or improper operation."

**6.** This is in marked contrast, for example, to U.S. Rentals' warranty disclaimer which appeared on the front of the rental contract in bold, capital letters, slightly above the signature line, and which was preceded by the heading "WARRANTY DISCLAIMER." The Limited Damage and Theft Waiver was also placed on the front of the contract with a heading in large type and boxes for the customer to initial.

Nor does *Goodyear* establish that U.S. Rentals' indemnity agreement is conspicuous. *Goodyear* treated compliance with the conspicuousness requirement as a question of fact, rather than a question of law. *See Dresser*, 853 S.W.2d at 509. It then found "some evidence that the indemnity provision was conspicuous enough to give ... fair notice of its existence." *Goodyear*, 565 S.W.2d at 920. However, *Dresser* specifically overruled *Goodyear's* treatment of conspicuousness as a fact issue, and held it instead to be a question of law for the court. 853 S.W.2d at 509. Thus, *Goodyear's* finding of some evidence of conspicuousness does not equate to a conclusion of law that the conspicuousness requirement was met under those facts.

Moreover, indemnity provisions set forth among unrelated terms and conditions on the backs of forms, and printed without distinguishing typeface, have generally been held not to be conspicuous.[7] Accordingly, we agree with the trial court that the indemnity provision in U.S. Rentals' rental contract did not satisfy the conspicuousness requirement. Point of error two is overruled.

In its third point of error, U.S. Rentals argues that granting the summary judgment for Mundy was improper because a fact question was raised whether Mundy had actual notice or knowledge of the indemnity agreement.

In *Dresser*, the Texas Supreme Court noted that "[t]he fair notice requirements are not applicable when the indemnitee establishes that the indemnitor possessed actual notice or knowledge of the indemnity agreement." 853 S.W.2d at 508 n. 2 (citing *Cate v. Dover Corp.*, 790 S.W.2d 559, 561 (Tex. 1990)).[8]

Actual notice or knowledge is in the nature of an affirmative defense to a claim of lack of fair notice. As noted in both *Dresser* and *Cate*, it is the indemnitee's burden to prove (not the indemnitor's burden to disprove) actual notice or knowledge. *Dresser*, 853 S.W.2d at 508 n. 2; *Cate*, 790 S.W.2d at 562. Thus, in response to Mundy's motion for summary judgment on lack of fair notice, U.S. Rentals, as the non-movant, had the burden to raise a fact question on that issue. *See American Petrofina v. Allen*, 887 S.W.2d 829, 830 (Tex.1994).

Issues not expressly presented to the trial court by written answer or response shall not be considered on appeal as grounds for reversal. Tex.R.Civ.P. 166a(c). U.S. Rentals' response to Mundy's motion for summary judgment, including exhibits, was 29 pages in length. The section of the response entitled, *"Mundy had Actual Notice or Knowledge of Agreement,"* stated that there was a fact issue whether Mundy had actual notice or knowledge, and that all evidence favorable to its case must be taken as true. However, that section stated no facts and referenced no evidence to support the existence of a fact issue.

U.S. Rentals refers to three passages in its response which stated that Mundy's representatives had signed or initialled the front of the rental contract near language referring to other terms on the back of the contract. U.S. Rentals argues that this raised a fact issue whether Mundy had actual notice or knowledge of the existence of the indemnity agreement printed on the back.

---

7. *See Safway Scaffold Co. v. Safway Steel Products*, 570 S.W.2d 225, 228 (Tex.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.) (provision on back of rental form, surrounded by unrelated terms in small and light type was inconspicuous); *K & S Oil Well Serv., Inc. v. Cabot Corp., Inc.*, 491 S.W.2d 733, 738 (Tex.App.—Corpus Christi 1973, writ ref'd n.r.e.) (provision on back of sales order, under "Terms and Conditions" heading, in the fourth paragraph and surrounded by unrelated terms held inconspicuous).

8. Notably, however, the *Cate* opinion addressed only actual *knowledge*, and not actual *notice*, as an exception to the fair notice requirement. This distinction is important in that forms containing indemnity provisions are commonly signed by or on behalf of the ostensible indemnitor. To the extent such a form is signed without reading the indemnity provision, the signature might not alone evidence actual *knowledge*. *See Cate*, 790 S.W.2d at 562. However, such a signature could arguably evidence actual *notice*. Thus, if actual notice is also an exception to the fair notice requirement, as suggested by the footnote in *Dresser*, and if a signature on the form signifies actual notice for this purpose, then the fair notice requirement could be thereby rendered largely ineffectual.

Importantly, however, the three passages to which U.S. Rentals refers were located among other facts or arguments in two other sections of its response which addressed either the general factual background of the case or the conspicuousness issue. Nowhere in either of those two sections was actual notice or knowledge argued, and nowhere in the section on actual notice or knowledge were the signatures mentioned.

As a practical matter, to sustain this point of error would be to hold that a non-movant may make an unsupported assertion in its summary judgment response that a particular fact issue exists, and rely on facts or evidence mentioned anywhere else in the response to support that assertion. The trial judge would then be obligated to search the entire response for any such facts, and be subject to reversal in granting the summary judgment for any oversight in failing to identify and associate the relevant facts with the purported fact issue.

We believe that such an approach would place an unreasonable and unjustified burden on our trial courts, reward litigants for lack of diligence and needlessly discourage the granting of valid summary judgments. We decline to adopt it. *See Marchal v. Webb,* 859 S.W.2d 408, 417–18 (Tex.App.—Houston [1st Dist.] 1993, writ denied). Instead, we hold that by failing to specifically direct the trial court's attention to facts and summary judgment evidence of actual notice or knowledge, U.S. Rentals raised no fact question on that issue, and preserved no error for appeal. Tex.R.Civ.P. 166a(c).

Accordingly, U.S. Rentals' third point of error is overruled, and the summary judgment is affirmed.