Affirmed in part, Reversed and Remanded in part, and Memorandum Opinion
filed October 21, 2004









Affirmed in part, Reversed and Remanded in part, and
Memorandum Opinion filed October 21, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00979-CV

____________

 

SHERYL
HINTZ, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF 

ANN FERGUSON BONK, DECEASED, Appellant

V.

EDWARD
LOWE,
Appellee



 



 

NO. 14-03-00983-CV

_______________________

 

SHERYL HINTZ, INDIVIDUALLY
AND AS ADMINISTRATRIX OF THE ESTATE OF 

ANN FERGUSON BONK,
DECEASED, Appellant

V.

MARGARET HARRIS, Appellee



 



 

On Appeal from the Probate
Court No. 4

Harris County, Texas

Trial Court Cause Nos.
313,137-404 and 313,137-403



 



 

M E M O R A N D U M   O P I N I O
N

 








In this wrongful death and
survival suit, Appellant Sheryl Hintz, individually and as administratrix of
Ann Ferguson Bonk=s estate,
appeals from a take-nothing summary judgment in favor of appellees Edward Lowe
and Margaret Harris.  Concluding Hintz
did not raise a genuine issue of material fact on the element of proximate
cause, we affirm the trial court=s grant of
summary judgment on Hintz=s
negligence and gross negligence claims. 
Agreeing with all parties that summary judgment was improperly granted
on Hintz=s assault
claims, we reverse the summary judgment on those claims and remand them to the
trial court.

I.  Factual and Procedural Background

Hintz=s mother,
Ann Ferguson Bonk, was a resident at the Brookshire Nursing Center from May 28,
1997 through November 24, 1998.  On
November 20, 1998, Bonk was the victim of an assault or attempted assault by a
janitor hired by Health Care Services Group, Inc., a contractor providing
housekeeping services for Brookshire.  At
the time, Lowe was Brookshire=s
administrator, and Harris was Brookshire=s
director of nursing.  Bonk died at a
different facility on September 11, 1999.

Hintz subsequently sued multiple
defendants, including Advanced Living Technologies, Inc., d/b/a Brookshire
Nursing Center, Health Care Services Group, Inc., and Lowe and Harris
individually.  Hintz alleged negligence,
gross negligence, and common law and statutory assault based on the janitor=s alleged
assault, alleged delayed reporting and inadequate care following the assault,
alleged incidents of physical abuse and rough handling, alleged improper
nutrition, alleged failure to provide adequate nursing care, alleged failure to
monitor and supervise the nursing staff, and numerous other alleged acts and
omissions.

Lowe and Harris jointly moved for
summary judgment on no evidence grounds. 
They contended Hintz had Ano
evidence that Defendants, acting individually outside the course and scope of
their employment at Brookshire Nursing Center, proximately caused Plaintiff=s alleged
injury.@  Lowe and Harris also alleged, APlaintiff
has not only failed to establish cause in fact by a reasonable medical
probability, Plaintiff has failed to establish that the alleged injury was
foreseeable by either Defendant.@








In response, Hintz argued the
motion did not state the elements of the claims being challenged.  Hintz further asserted that sections of the
Texas Administrative Code[1]
created duties owed by Lowe and Harris individually, and Brookshire=s own
policies created a duty for Harris.  In
support of this last argument, she referred to AJob
Description, attached hereto as Exhibit >Y= and
incorporated by reference as if set forth fully herein.@  Hintz did not specifically address the
question of proximate cause, but contended generally APlaintiffs
would show that there are genuine issues of material fact that preclude the
granting of summary judgment in favor of [Lowe and Harris], as to Plaintiffs= claims
for liability against them, as appear from the pleadings on file with the Court@ and a
series of exhibits.  She then listed
twenty-one exhibits, which she stated were Aattached
hereto and incorporated herein by reference . . . .@  The only exhibit actually attached was the
job description, designated AExhibit
U.@  The other twenty exhibits, comprising over
1700 pages, were apparently attached to Hintz=s
response to the summary judgment motion of Health Care Services Group.

The trial court granted Lowe and
Harris=s summary
judgment motion and ordered Aall
claims and causes of action asserted against Defendants, Margaret Harris and
Edward Lowe, individually and/or in their individual capacity . . . [to be]
dismissed with prejudice.@  The trial court subsequently severed the
causes against Lowe and Harris from the original suit, giving the two cases
separate cause numbers.  After filing
separate notices of appeal, Lowe and Harris filed motions to consolidate, and
this court granted the motions.








II.  Discussion

A. 
Introduction

In both cases Hintz now raises
the following issues: (1) whether Lowe and Harris had an independent duty to
Bonk apart from the duty of Brookshire Nursing Home; (2) whether Lowe and
Harris=s no
evidence motion for summary judgment raised a challenge to the proximate cause
element of negligence entitling them to summary judgment; and (3) whether the
trial court erred in granting summary judgment on Hintz=s claims
for intentional torts not challenged in the summary judgment motion.  We first address Hintz=s
response to the element of proximate cause.[2]  We then turn to the intentional torts, i.e.,
the assault claims.

B. 
Summary Judgment Based on No Evidence of Proximate Cause








In issue two, Hintz contends Lowe
and Harris=s no evidence summary judgment
motion did not raise a challenge regarding proximate cause, such as would
warrant dismissal.  In a no‑evidence
summary judgment motion, the movant asserts that after an adequate time for
discovery, there is no evidence of one or more essential elements of claims on
which the opposing party would have the burden of proof at trial.  Tex.
R. Civ. P. 166a(i); McMahan v. Greenwood, 108 S.W.3d 467, 478
(Tex. App.CHouston [14th Dist.] 2003, pet.
denied).  To defeat a no evidence motion,
a respondent is not required to marshal its proof.  Johnson v. Brewer & Pritchard, P.C.,
73 S.W.3d 193, 207 (Tex. 2002).  The
respondent need only point out evidence that raises a genuine issue of material
fact on the challenged elements.  Tex. R. Civ. P. 166a(i) cmt.B1997; see
Russo v. Smith Int=l, Inc., 93
S.W.3d 428, 433 (Tex. App.CHouston
[14th Dist.] 2002, pet. denied).  If the
trial court grants a motion for summary judgment without stating the grounds on
which it relied, we must affirm the summary judgment if any ground argued in
the motion was sufficient.  Blan v.
Ali, 7 S.W.3d 741, 747B48 (Tex.
App.CHouston
[14th Dist.] 1999, no pet.); see Star‑Telegram, Inc. v. Doe, 915
S.W.2d 471, 473 (Tex. 1995).

The elements of a negligence
cause of action are the existence of a legal duty, a breach of that duty, and
damages proximately caused by the breach. 
IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason, 47
Tex. Sup. Ct. J. 666, 668, 2004 WL 1396194, at *3 (Tex. June 18, 2004).  The two elements of proximate cause are cause
in factCor
substantial factorCand
foreseeability.  Id.  In the trial court, Hintz argued Lowe and
Harris had not specified the elements lacking evidence.  See Tex.
R. Civ. P. 166a(i) (stating Amotion
must state the elements as to which there is no evidence@); Nabors
Corporate Servs., Inc. v. Northfield Ins. Co., 132 S.W.3d 90, 94 (Tex. App.CHouston
[14th Dist.] 2004, no pet.) (same).  We
disagree.[3]

In addition to alleging there was
no evidence they owed a duty in their individual capacities, Lowe and Harris
specifically alleged:  APlaintiff
has not only failed to establish cause in fact by a reasonable medical
probability, Plaintiff has failed to establish that the alleged injury was
foreseeable by either Defendant.@  Thus, Lowe and Harris directly challenged
Hintz to produce evidence of proximate cause. 
See Roth v. FFP Operating Partners, L.P., 994 S.W.2d 190, 194
(Tex. App.CAmarillo 1999, pet. denied)
(stating requirement of specificity is satisfied if grounds in motion give Afair
notice@ to the
non‑movant).








In her response to the summary
judgment motion, however, Hintz did not address proximate cause and did not
specifically direct the trial court=s
attention to any evidence of cause in fact or foreseeability.  She merely concluded her response by (1)
alleging she Awould show that there are genuine
issues of material fact that preclude the granting of summary judgment@ and (2)
listing twenty-one exhibits, which she stated were Aattached
hereto and incorporated herein by reference . . . .@

Hintz=s summary
judgment proof in the present case consists of over twenty-one documents and
over 1700 pages.  Over 600 pages are
condensed deposition testimony, containing the equivalent of four pages each.  By failing specifically to direct the trial
court=s
attention to facts and summary judgment evidence on the issue of proximate
cause, Hintz raised no fact question on that issue, and preserved no error for
appeal.  See U.S. Rentals, Inc. v.
Mundy Serv. Corp., 901 S.W.2d 789, 794 (Tex. App.CHouston
[14th Dist.] 1995, writ denied); see also Guthrie v. Suiter, 934 S.W.2d
820, 826 (Tex. App.CHouston
[1st Dist.] 1996, no writ) (holding trial court did not abuse its discretion in
refusing to consider 500-page deposition attached to summary judgment motion
when party did not direct trial court to portions on which party was relying).

Hintz contends U.S. Rentals
is distinguishable because, unlike the appellant in that case, Hintz Areferenced@ her
evidence.  Hintz, however, did not direct
the trial court to which, or what parts, of her twenty-one documents raised a
fact issue on proximate cause.  And, like
the appellant in U.S. Rentals, in her response to the summary judgment
motion, she stated no facts related to proximate cause.  See U.S. Rentals, 901 S.W.2d at
793.

In support of her contention that
the trial court should have considered her documents because she Areferenced@ them,
Hintz cites Hinojosa v. Columbia/St. David=s
Healthcare System, L.P., 106 S.W.3d 380, 387B88 (Tex.
App.CAustin
2003, no pet.); and Dear v. City of Irving, 902 S.W.2d 731, 735 (Tex.
App.CAustin
1995, writ denied).  These cases do not
appear to involve voluminous records and are also distinguishable in other
respects.








Hinojosa was a
wrongful death and survival case in which the defendants, in their traditional
partial summary judgment motion, contended because the deceased child did not
survive a live birth, his death did not fall within the two statutory
claims.  106 S.W.3d at 382. The parents
responded by asserting that there existed a material fact issue on whether the
child survived live birth.  Id. at
383.  In addition to excerpts from nine
depositions, the parents also produced a death certificate, indicating the
child=s
duration of life as twenty minutes.  Id.

On appeal, the parents argued the
child=s death
certificate constituted prima facie evidence of live birth sufficient to raise
a fact issue.  Id. at 384.  The appellate court rejected the defendants= argument
that the parents= response
to the motion for partial summary judgment was insufficient to preserve an
argument based on the death certificate because the written motion did not
specifically rely on the statutory significance of the death certificate. Id.
at 387.  The appellate court explained: AAppellees= position
confuses the requirement that all issues be raised in a motion before the trial
court with an assessment of all the evidence produced in the summary‑judgment
proceedings.@ 
Id.  The court observed
that the Anon‑movant need not set out
the exact evidence on which it relies or explain with specificity how this
evidence supports the issues it raises; 
summary judgment is not a trial by affidavit or deposition.  Evidence need only be referenced or attached
in order for a court to consider it.@  Id. at 387B88
(citations omitted).  The court
concluded:

Because the parents argued
that [the child] was born alive in their motion, they presented the issue of
[the child=s] live birth to the trial
court with sufficient specificity to satisfy the requirements of rule 166a and McConnell
[v. Southside Independent School District, 858 S.W.2d 337, 342 (Tex.
1993)].  The death certificate serves as
evidence on the issue of live birth.  The
parents were not required to explain with specificity exactly how each document
supported their contention, nor were they required to argue their evidence in
order for the trial court to consider it.

 

Id. at 388.

Thus, unlike Hintz, the parents
(non-movants) in Hinojosa had responded with an argument directed at the
ground raised in the summary judgment motion. 
Moreover, it would appear that the parents attached only ten documents
to the response (including only excerpts of depositions) and that the
relevance of those documents was readily ascertainable.  See id. at 383 (briefly summarizing
relevance of deposition testimony).








In Dear, the appellate
court considered whether the trial court had erred in not granting special
exceptions to a motion for partial summary judgment.  902 S.W.2d at 734.  On appeal, the appellant in Dear
argued in part that the appellees= motion
failed to make specific references to the supporting evidence.  Id. at 735.  The appellate court explained:

The rule [166a(c)]
contains no requirement that the evidence be referenced more specifically than
being incorporated into the motion, and Dear cites no authority for his
argument that a motion for summary judgment is defective if it fails to set out
the exact testimony on which it relies. 
Therefore, we need not address this argument . . . .

 

Id.

In a footnote, the Dear
court observed, if an appellant cites no authority in support of a point of
error, the court should overrule it.  Id.
n.3.  Thus, Dear rests, at least
in part, on the appellant=s failure
to brief his appellate point adequately. 
Moreover, there is nothing in Dear to indicate the difficulty, if
any, faced by the trial court or the non-movant in determining the significance
of the summary judgment proof.

Hinojosa and Dear
do not provide persuasive authority for the present case.  Consistent with U.S. Rentals, we overrule
Hintz=s second
issue in both causes and affirm the summary judgment on the negligence and
gross negligence claims.  See U.S.
Rentals, 901 S.W.2d at 794.[4]








C.  Summary Judgment on Hintz=s Claims
for Intentional Torts

In issue three, Hintz contends
the trial court erred in granting summary judgment on her causes of action for
intentional torts because Lowe and Harris did not challenge these causes of
action in their summary judgment motion. 
Hintz specifically refers to her causes of action for common law and
statutory assault.

Lowe and Harris=s summary
judgment motion, focusing as it did on duty and proximate cause, was directed
at Hintz=s
negligence and gross negligence claims. 
Lowe and Harris concluded their no evidence summary judgment motion by
stating, AIn the end, Plaintiff has failed
to offer any evidence that Defendants owed an independent duty of care or that
Defendants knowingly participated in any alleged tortious acts in connection
with any of the negligent acts and/or omissions for which Plaintiff seeks to
hold them individually liable.@  Hintz, however, had also alleged common law
and statutory assault.  The trial court
nevertheless granted summary judgment on Aall claims
and causes of action asserted against Defendants, Margaret Harris and Edward
Lowe, individually and/or in their individual capacity . . . .@

It is axiomatic a trial court may
not grant judgment as a matter of law on a cause of action not addressed in a
summary judgment proceeding.  Chessher
v. Southwestern Bell Tel. Co., 658 S.W.2d 563, 564 (Tex. 1983).  Lowe and Harris concede the trial court erred
in granting judgment on the assault claims. 
Accordingly, we reverse the summary judgment on Hintz=s claims
for common law and statutory assault and remand them to the trial court for
further consideration.  See Ross v.
Arkwright Mut. Ins. Co., 892 S.W.2d 119, 134 (Tex. App.CHouston
[14th Dist.] 1994, no writ).

III.  Conclusion








Having concluded Hintz did not
raise a genuine issue of material fact on the element of proximate cause, we
affirm the summary judgment on the negligence and gross negligence claims.  Agreeing with all parties that summary
judgment was improperly granted on the assault claims, we reverse the summary
judgment on those claims and remand them to the trial court.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed October 21, 2004.

Panel consists of Chief Justice Hedges and Justices Frost and Guzman.

 

 











[1]  See
former 40 Tex. Admin. Code ' 18.19(12), 23 Tex. Reg. 6518, 6519 (1998) (Tex. Dept.
of Human. Servs., Nursing Facility Administrators, Standards of Conduct)
(repealed 29 Tex. Reg. 4233 (2004)) (current version to be codified at 40 Tex. Admin. Code ' 18.55(12), 29 Tex. Reg. 330, 330, adopted 29 Tex.
Reg. 4236 (2004) (Tex. Dept. of Human. Servs., Nursing Facility Administrators,
Violations of Standards of Conduct)); 22 Tex.
Admin. Code ' 217.11(16), 17 Tex. Reg. 8435, 8436 (1992) (Board of
Nurse Examiners, Standards of Professional Nursing Practice) (subsequently
renumbered; current version at 22 Tex.
Admin. Code ' 217.11(11) (2004)).





[2]  Because we
conclude Hintz did not direct the trial court to any evidence of proximate
cause, we uphold the summary judgment on that ground and do not address the
question of duty.





[3]  Hintz does not
appear to renew this assertion on appeal. 
Instead, her discussion under issue two focuses on the capacities in
which Lowe and Harris acted, a question which is irrelevant to the
determination of whether they proximately caused Bonk=s injuries. 
Nevertheless, given the breadth of Hintz=s
statement of issue two, in an abundance of caution we address the specificity
of Lowe and Harris=s summary judgment allegations.





[4]  Lowe and
Harris, in their motion objecting to Hintz=s
summary judgment evidence, also complained about Hintz=s failure to refer specifically to the relevant
portions of the exhibits.  In her reply
brief on appeal, Hintz contends Lowe and Harris waived their objections to her
summary judgment evidence by not obtaining a ruling on the objections.  See Dolcefino v. Randolph, 19
S.W.3d 906, 925B26 (Tex. App.CHouston
[14th Dist.] 2000, pet. denied).  The
cases Hintz cites involve objections on evidentiary or competency grounds.  None of the cases concern complaints about
failure to specify relevant portions of the summary judgment proof.  We therefore do not view Hintz=s waiver arguments as extending to a failure to
specify portions of the summary judgment proof.