COURT OF APPEALS

                                                 SECOND DISTRICT
OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-186-CV

 

 

CENTAVA DOZIER                                                                            APPELLANT

 

                                                             V.

 

AMR
CORPORATION                                                                        APPELLEES

AND AMERICAN AIRLINES, INC.                                                                          

 

                                                       ------------

 

              FROM
THE 348TH DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I.
Introduction








This
is a summary judgment appeal.  Appellees
AMR Corporation and American Airlines, Inc. (collectively referred to as
American) filed a no-evidence motion for summary judgment, and Appellant
Centava Dozier subsequently filed a motion to compel American to respond to
certain discovery requests and filed a motion for continuance.  After a hearing on these motions, the trial
court denied Dozier=s motion to compel and
motion for continuance and granted summary judgment for American.  In two issues, Dozier argues that the trial
court erred by denying her motion for continuance and motion to compel and by
granting American=s no-evidence motion for
summary judgment.  For the reasons set
forth below, we will affirm.

II. Factual
and Procedural Background

In
March 2006, Dozier was a passenger on an American flight from Dallas to Los
Angeles.  The flight departed Dallas at
around 11:00 p.m., and Dozier fell asleep during the flight.  During the descent into Los Angeles, Dozier
awoke and noticed that a man seated at the end of her aisle was staring at her
and masturbating.  Dozier attempted to
hide her face and discovered semen in her hair. 
The man got up and left that seat, and Dozier told the passenger sitting
in front of her what had happened.  That
passenger informed a flight attendant. The captain contacted local law
enforcement and ordered that the plane=s
doors remain shut until law enforcement arrived at the gate.  When the passengers deboarded, the man was
arrested. 








In
March 2008, Dozier sued American for negligence, gross negligence, and res ipsa
loquitor.  The parties filed an agreed
discovery control plan in which the discovery period would end on March 1,
2009.  During the discovery period,
Dozier served American with two sets of discovery requestsCwhich
included interrogatories and requests for disclosures, admissions, and
productionCon
June 17, 2008 and on October 20, 2008. 
American responded to both sets of discovery requests on July 21, 2008
and on December 2, 2008, respectively.  

On
February 3, 2009, one month before the end of the discovery period, and
approximately one year after Dozier filed suit, American filed a no-evidence
motion for summary judgment.  Dozier
filed a response, attaching as evidence her own affidavit, the affidavit of her
attorney, and copies of the incident reports of a flight attendant and of the
captain.  Dozier also filed a motion to
compel discovery, asserting that American=s
discovery responses were inadequate, and a motion for continuance, requesting a
continuance of the summary judgment hearing until after her Amotion
to compel is heard, subsequent order complied with by [American], [and she] has
sufficient time to conduct responsive discovery.@  The trial court set a hearing on American=s
summary judgment motion and both of Dozier=s
motions for March 13, 2009.

On
the day of the hearing, American filed a response to Dozier=s
motion for continuance, asserting that she had been given an adequate time to
conduct discovery and that her motion did not comply with the requirements of
Texas Rule of Civil Procedure 252. 
American also filed objections to Dozier=s
summary judgment evidence.








At
the hearing, the trial court denied Dozier=s
motion for continuance, stating that it was not in proper form, and denied her
motion to compel, reasoning that she was Aa
little bit late.@  The trial court also sustained American=s
objections to Dozier=s summary judgment evidence
and granted American=s no-evidence summary
judgment.  Dozier perfected this appeal. 

III. Motion For
Continuance and Motion to Compel

In
her first issue, Dozier argues that the trial court abused its discretion by
denying her motion to compel American to respond to certain discovery requests
and by denying her motion for continuance.

A. 
Standard of Review

 We apply an abuse of discretion standard to a
trial court=s
ruling on a motion to compel.  See
Austin v. Countrywide Homes Loans, 261 S.W.3d 68, 75 (Tex. App.CHouston
[1st Dist.] 2008, pet. denied).  We also
review a trial court=s ruling on a motion for
continuance under an abuse of discretion standard.  See BMC Software Belg., N.V. v.
Marchand, 83 S.W.3d 789, 800 (Tex. 2002). 
We do not substitute our judgment for that of the trial court.  In re Nitla S.A. de C.V., 92 S.W.3d
419, 422 (Tex. 2002) (orig. proceeding). 
Instead, we must determine whether the trial court=s
action was so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law.  Joe v. Two
Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex. 2004).  The test is whether the trial court acted
without reference to guiding rules or principles.  Cire v. Cummings, 134 S.W.3d 835, 838B39
(Tex. 2004).  An appellate court must
uphold the trial judge=s evidentiary ruling if
there is any legitimate basis for it.  Owens-Corning
Fiberglass Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998).








B. 
Motion to Compel

Dozier
filed her motion to compel on February 13, 2009Calmost
three months after American had served its last responses and objections to Dozier=s
discovery requests, less than one month prior to the end of the agreed-to
discovery period, and one week after American had filed its no-evidence summary
judgment motion.  At the March 13
hearing, the trial court pointed out that Dozier had the months of AAugust,
September, October, November, December, and January@ to
file a motion to compel and did not do so. 
The court stated,@I don=t
have a whole lot of sympathy for you, waiting that long to ask for this,
especially in view of the fact that [American=s]
summary judgment motion had been filed [one week before Dozier had filed her
motion to compel].@ 








We
cannot conclude based on these facts that the trial court=s
denial of Dozier=s motion to compel was so
arbitrary and unreasonable as to amount to a clear and prejudicial error of
law.  See Joe, 145 S.W.3d
at 161; Austin, 261 S.W.3d at 75.  
Rather, the trial court could have reasonably concluded from these facts
that Dozier did not diligently pursue the discovery she now claims to
need.  See Piazza v. Cinemark, USA,
Inc., 179 S.W.3d 213, 216 (Tex. App.CEastland
2005, pet. denied) (noting, in holding that trial court did not abuse its
discretion by denying motion to compel, that plaintiff had more than ample time
for discovery); see also Fraud-Tech, Inc. v. Choicepoint, Inc., No.
02-05-00150-CV, 2006 WL 1030189, at *3 (Tex. App.CFort
Worth Apr. 20, 2006, no pet.) (mem. op.) (holding that denial of motion to
compel was not an abuse of discretion when appellants failed to show due
diligence in requesting continuance).  We
hold that the trial court did not abuse its discretion by denying Dozier=s
motion to compel.  See Austin,
261 S.W.3d at 75.

C. 
Motion for Continuance

Dozier
sought a continuance of the summary judgment hearing Auntil
after the court has held a hearing on the motion to compel, after the date
defendants are ordered to file responses to the discovery request, and after
plaintiff has sufficient opportunity to proceed with discovery based on the
defendants=
responses.@  Dozier was not entitled to a continuance for
the same reasons that she was not entitled to a motion to compel.  See State v. Wood Oil Distrib., Inc.,
751 S.W.2d 863, 865 (Tex. 1988) (AIt
is also well established that the failure of a litigant to diligently utilize
the rules of civil procedure for discovery purposes will not authorize the
granting of a continuance.@).

Moreover,
Dozier=s
motion for a continuance did not satisfy the requirements of the Texas Rules of
Civil Procedure.  A motion for
continuance seeking time for discovery must be supported by an affidavit that
describes the evidence sought, explains its materiality, and shows that the
party requesting the continuance has used due diligence to obtain the
evidence.  Tex. R. Civ. P. 251, 252; Rocha
v. Faltys, 69 S.W.3d 315, 319 (Tex. App.CAustin
2002, no pet.).  The affidavit of
diligence must state with particularity what diligence was used; conclusory
allegations of diligence are not sufficient. 
Rocha, 69 S.W.3d at 319.  A
party who fails to use the rules to diligently pursue discovery is not entitled
to a continuance.  Wood Oil Distrib.,
751 S.W.2d at 865.








Here,
Dozier=s
motion for continuance and supporting affidavit failed to demonstrate the
diligence she used to obtain the specific discovery she sought.  Her motion merely concludes that she Awas
unable to secure this testimony and evidence earlier even though she diligently
used the discovery process, as detailed in her motion to compel.@  Neither her attorney=s
affidavit, attached to her motion, nor her motion to compel include any
explanation of the diligence she used in discovery. 

Because
Dozier failed to diligently utilize the rules of civil procedure for discovery
purposes and failed to satisfy the requirements of rule 252, we hold that the
trial court did not abuse its discretion by denying her motion for
continuance.  See Joe, 145 S.W.3d
at 161; BMC Software Belg., N.V., 83 S.W.3d at 800.

Having
held that the trial court did not abuse its discretion by denying Dozier=s
motion to compel and motion for continuance, we overrule her first issue.

IV. No-Evidence
Summary Judgment

In
her second issue, Dozier complains that the trial court erred by granting
American=s
motion for no-evidence summary judgment. 
American responds that Dozier failed to produce any evidence on each
element of her negligence claim and that her remaining claimsCfor
res ipsa loquitur and gross negligenceCare
not independent causes of action.[2]








A. 
Standard of Review

After
an adequate time for discovery, the party without the burden of proof may,
without presenting evidence, move for summary judgment on the ground that there
is no evidence to support an essential element of the nonmovant=s
claim or defense.  Tex. R. Civ. P.
166a(i).  The motion must specifically
state the elements for which there is no evidence.  Id.; Timpte Indus., Inc. v. Gish,
286 S.W.3d 306, 310 (Tex. 2009).  The
trial court must grant the motion unless the nonmovant produces summary
judgment evidence that raises a genuine issue of material fact.  See Tex. R. Civ. P. 166a(i) &
cmt.; Hamilton v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008).








When
reviewing a no-evidence summary judgment, we examine the entire record in the
light most favorable to the nonmovant, indulging every reasonable inference and
resolving any doubts against the motion. 
Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006).  We review a no‑evidence summary
judgment for evidence that would enable reasonable and fair‑minded jurors
to differ in their conclusions.  Hamilton,
249 S.W.3d at 426 (citing City of Keller v. Wilson, 168 S.W.3d 802, 822
(Tex. 2005)).  We credit evidence
favorable to the nonmovant if reasonable jurors could, and we disregard
evidence contrary to the nonmovant unless reasonable jurors could not.  Timpte Indus., Inc., 286 S.W.3d at 310
(quoting Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex.
2006)).  If the nonmovant brings forward
more than a scintilla of probative evidence that raises a genuine issue of
material fact, then a no-evidence summary judgment is not proper.  Smith v. O=Donnell,
288 S.W.3d 417, 424 (Tex. 2009).

B. No-Evidence Summary Judgment for American
was Proper

American=s
no-evidence motion for summary judgment asserted that no evidence existed on
each element of Dozier=s negligence claim.  Thus, to overcome American=s
no-evidence motion for summary judgment, Dozier had the burden to raise a
genuine issue of material fact that American owed a legal duty to her, that
American breached that duty, and that she sustained damages proximately caused
by American=s
breach.  See W. Invs., Inc. v. Urena,
162 S.W.3d 547, 550 (Tex. 2005); see also Tex. R. Civ. P. 166a(i) &
cmt.; Hamilton, 249 S.W.3d at 426.

Dozier=s
summary judgment evidence consists of her own affidavit, which explained the
incident and the Aemotional burden@ it
took on her life, and three reports made by the pilot and flight attendants
describing the incident.  The trial court
sustained all of American=s objections to Dozier=s
summary judgment evidence.[3]  Even assuming these exhibits were competent
summary judgment evidence, they are, without more, insufficient to raise a
genuine issue of material fact as to the duty, breach, and causation elements
of Dozier=s
negligence claim.[4]













Dozier
did not present any summary judgment evidence that American breached any duty
owed to her.  The existence of a legal
duty is a question of law for the court to decide Afrom
the facts surrounding the occurrence in question.@  Centeq Realty, Inc. v. Siegler, 899
S.W.2d 195, 197 (Tex. 1995). Generally, a person has no legal duty to protect
another from the criminal acts of a third person absent certain special
relationships or circumstances.  See
id.; Newsom v. B.B., 306 S.W.3d 910, 913B14
(Tex. App.CBeaumont
2010, pet. filed).  Dozier contends that
American, as a common carrier, owed her a Ahigh
degree of care@;
she asserts that American employees should have patrolled the aisles of the
plane and policed passengers.  But courts
will not impose a duty unless the risk of harm is foreseeable.  See Tex. Home Mgmt., Inc. v. Peavy, 89
S.W.3d 30, 36 (Tex. 2002).  Dozier did
not provide any evidence that American should have anticipated the dangers
created by its alleged negligent acts.  See
id.; see also Timberwalk Apartments, Partners, Inc. v. Cain, 972
S.W.2d 749, 756 (Tex. 1998) (AThe
foreseeability of an unreasonable risk of criminal conduct is a prerequisite to
imposing a duty of care on a person who owns or controls premises to protect
others . . . from the risk.@).  Dozier=s
summary judgment evidence does not support her contention that American owed
her a duty to prevent a fellow passenger from ejaculating on her or that it
breached that duty.

The
evidence also fails to show that any breach by American was the proximate cause
of Dozier=s
injury.  Proximate cause consists of
cause in fact and forseeability.  Marathon
Corp. v. Pitzner, 106 S.W.3d 724, 727 (Tex. 2003).  AThe
test for cause in fact, or >but
for causation,= is whether
the act or omission was a substantial factor in causing the injury >without
which the harm would not have occurred.=@  Id. (citing Doe v. Boys Clubs of
Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995)).  AThe
test for forseeability is whether a person of ordinary intelligence would have
anticipated the danger his or her negligence creates.@  Sw. Key Program, Inc. v. Gil-Perez, 81
S.W.3d 269, 274 (Tex. 2002).  In her
summary judgment response, Dozier merely recited the law on causation and made
conclusory statements that American proximately caused her damages.  She failed to present a scintilla of evidence
that any act or omission by American was a substantial factor causing injury to
her or that American should have anticipated any danger.  See id.; see also U.S. Rentals,
Inc. v. Mundy Serv. Corp., 901 S.W.2d 789, 794 (Tex. App.CHouston
[14th Dist.] 1995, writ denied) (holding that, Aby
failing to specifically direct the trial court=s
attention to facts and summary judgment evidence . . . , U.S. Rentals raised no
fact question on that issue@).








 Examining the entire record in the light most
favorable to Dozier as the nonmovant, indulging every reasonable inference and
resolving any doubts against American=s
motion, we hold that Dozier failed to bring forward more than a scintilla of
probative evidence that raises a genuine issue of material fact as to the duty,
breach, and causation elements of her negligence cause of action.  See Smith, 288 S.W.3d at 424.  Consequently, we overrule Dozier=s
second issue.

V. Conclusion

Having
overruled Dozier=s two issues, we affirm the
trial court=s
judgment.

 

SUE WALKER

JUSTICE

 

PANEL:
DAUPHINOT, WALKER, and MEIER, JJ.

 

DELIVERED:
August 5, 2010











[1]See Tex. R. App. P.
47.4.





[2]As American points
out, if Dozier=s negligence claim
fails, her remaining claims for gross negligence and res ipsa loquitur also
must fail.  See Haddock v. Arnspiger,
793 S.W.2d 948, 950 (Tex. 1990) (ARes ipsa loquitur is simply a rule of
evidence by which negligence may be inferred by the jury; it is not a separate
cause of action from negligence.@); Sonic Sys. Int=l, Inc. v. Croix, 278 S.W.3d 377, 394B95 (Tex. App.CHouston [14th Dist.]
2008, pet. denied) (requiring finding of ordinary negligence as prerequisite to
finding of gross negligence); Seaway Prods. Pipeline Co. v. Hanley, 153
S.W.3d 643, 659 (Tex. App.CFort Worth 2004, no
pet.) (holding that recovery for gross negligence is not available when no
evidence supports negligence claim).





[3]Dozier also presented
an affidavit from her attorney pertaining only to her motion for continuance
and motion to compel.





[4]Dozier complains that
the trial court should have given her an opportunity to amend her evidence, but
the majority of American=s objections alleged
defects of substance, rather than form, and the trial court was not required to
provide her an opportunity to amend those defects.  See Tex. R. Civ. P. 166a(f); CA
Partners v. Spears, 274 S.W.3d 51, 63B64 (Tex. App.CHouston [14th Dist.]
2008, pet. denied) (AIf a defect in a
summary judgment affidavit is one of substance, the trial court is not required
to provide an opportunity to amend.@).  To
the extent that American alleged defects of form, Dozier failed to request a
continuance to amend her summary judgment evidence or otherwise request the
opportunity to cure the defects; consequently, she failed to preserve this
issue for our review.  See Coleman v.
Woolf, 129 S.W.3d 744, 750 (Tex. App.CFort Worth 2004, no pet.) (holding that when
objections are made to nonmovant=s summary judgment evidence, nonmovant must
seek an opportunity to amend).