# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00552-CV

**Missouri Pacific Railroad Company d/b/a Union Pacific Railroad Company and William R. Slone, III, Appellants**

**v.**

**Lely Development Corporation, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 164,487-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

Appellants Missouri Pacific Railroad Company, doing business as Union Pacific Railroad Company, and William R. Slone, III, (collectively AUnion Pacific@) appeal from the district court=s denial of their motion for summary judgment and its grant of summary judgment in favor of appellee Lely Development Corporation (ALely@). Union Pacific argues that Lely was required by contract to indemnify Union Pacific. We will reverse and render judgment in favor of Union Pacific.

In 1974 the vice-president of the Missouri-Kansas-Texas Railroad Company (Athe Katy@), Union Pacific=s predecessor, and Lely=s vice-president signed a contract under which the Katy agreed to construct a private railroad crossing, at grade, over its tracks running across Lely=s property. Lely agreed to maintain the crossing, keeping it reasonably clear of vegetation or debris that might obscure the sight of approaching trains. The contract also provided:

[Lely] hereby assumes the risk of and agrees to indemnify and save [the Katy] harmless against all liability, damages, expenses, attorneys=fees and cost for injuries to and deaths of persons whomsoever, including employees of [Lely] and [the Katy], and damages to and destruction of property whosesoever, including property of [Lely] and [the Katy], growing out of, incident to, or in any manner resulting from the construction, maintenance, operation and presence of said crossing on [the Katy=s] right of way, regardless of railroad negligence.

In 1994 an accident occurred at the railroad crossing, a lawsuit followed, and Union Pacific demanded that Lely defend and indemnify it under the contract. Lely complied with the demand. In 1996 another accident occurred and this lawsuit followed, in which Lely was sued for negligence. Lely filed a third-party petition against Union Pacific, but later dismissed the claims. The plaintiffs then amended their petition, adding Union Pacific as a defendant.[1]

---

[1] Slone is the engineer of the train involved in the accident. Five other entities, including three companies related to Lely, were also named as defendants but are not parties to this appeal.

Union Pacific cross-claimed against Lely for (1) contribution and indemnity and (2) breach of the 1974 contract. Both Union Pacific and Lely moved for summary judgment. Union Pacific argued that it was entitled to defense and indemnity under the 1974 contract and that the indemnity agreement was enforceable as a matter of law. Union Pacific also argued that because Lely had honored the indemnity agreement in 1994, it was estopped from taking an inconsistent position by contesting the agreement. Lely brought both traditional and no-evidence motions for summary judgment, arguing that the indemnity agreement was unenforceable and, even if it were enforceable, it was ambiguous and so limited by its terms as to be inapplicable to the lawsuit at hand. *See* Tex. R. Civ. P. 166a(c), (i). The district court denied Union Pacific=s motion and granted Lely=s. The parties then settled the plaintiffs= claims and the district court signed a final judgment, ordering Union Pacific to pay $32,000 to the plaintiffs. Union Pacific appeals, arguing that the district court erred in denying its motion for summary judgment and granting Lely=s motion.

**Standard of Review**

A Atraditional@ motion for summary judgment is properly granted only when the movant establishes there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991); *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.CAustin 2000, no pet.). A defendant seeking summary judgment must negate as a matter of law at least one element of each of the plaintiff=s theories of recovery or plead and prove as a matter of law each element of an affirmative defense. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). If the defendant establishes its right to summary judgment, the plaintiff must then raise a fact issue. *Id.*

3

A party seeking a Ano-evidence@ summary judgment, on the other hand, does not bear the burden of establishing its right to judgment by proving each defense or claim, but instead simply asserts that there is no evidence of one or more essential elements of claims upon which the opposing party will have the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Holmstrom*, 26 S.W.3d at 530. A no-evidence summary judgment is essentially a pretrial directed verdict, to which we apply the same legal sufficiency standard of review, asking whether the nonmovant failed to produce more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element on which the nonmovant would have the burden of proof. Tex. R. Civ. P. 166a(i); *Holmstrom*, 26 S.W.3d at 530.

In reviewing the grant of summary judgment, we take as true evidence favorable to the nonmovant and make every reasonable inference and resolve all doubts in favor of the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985); *McMillan v. Parker*, 910 S.W.2d 616, 618 (Tex. App.CAustin 1995, writ denied). When both parties move for summary judgment, we determine all questions presented and render the judgment the trial court should have rendered. *Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997).

**Discussion**

Union Pacific argues that it is contractually entitled to indemnification from Lely, while Lely contends the indemnity clause is unenforceable. Generally, a clause under which one party agrees to indemnify another party against the consequences of that party=s own negligence must pass the Afair-notice@

4

test to be enforceable.[2]  *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993).  However, the fair-notice test does not apply if the indemnitee establishes that the indemnitor had actual notice or knowledge of the indemnity agreement.  *Dresser Indus.*, 853 S.W.2d at 509 n.2; *Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 20 S.W.3d 119, 126 (Tex. App.CHouston [14th Dist.] 2000, pet. denied);  *U.S. Rentals, Inc. v. Mundy Serv. Corp.*, 901 S.W.2d 789, 793 (Tex. App.CHouston [14th Dist.] 1995, writ denied).  The party seeking indemnification has the burden of establishing actual notice or knowledge.  *Coastal Transp.*, 20 S.W.3d at 126; *Mundy Serv.*, 901 S.W.2d at 793.

Union Pacific argues that it proved Lely had actual notice by showing  that it demanded and Lely provided indemnification and defense in the earlier lawsuit.  Lely contends that the indemnitee must establish that the indemnitor had actual notice or knowledge *at the time it entered into the agreement.*  Lely does not provide the Court with authority to support this contention, but insists that as a matter of common sense, a contrary holding would defeat the purpose of the safeguards developed around indemnity agreements.  To illustrate its contention and to show that Union Pacific=s position is nonsensical, Lely points out that A[i]n every instance where an indemnitee

---

[2]  To be enforceable under the fair-notice test, an indemnity agreement must (1) express in specific terms within the four corners of the contract an intent that the indemnitor will indemnify the other party against the consequences of that party=s negligence, known as the Aexpress negligence doctrine,@ and (2) be conspicuous enough on the face of the contract to draw the attention of a reasonable person reviewing the contract. *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993).

demands indemnity under an inconspicuous indemnity clause, the indemnitor will, at the time of receiving the demand, necessarily become aware of the inconspicuous indemnity undertaking.@ Lely contends that binding an indemnitor to an indemnity agreement which it learned of *after* signing a contract would be absurd. Under these particular circumstances, we disagree.

Here, Lely signed the contract in 1974 and then in 1982 signed the addendum requiring it to increase its insurance limits related to the indemnity clause. One who signs a contract is presumed to know its contents and its legal effects. *Brown v. Aztec Rig Equip., Inc.*, 921 S.W.2d 835, 846 (Tex. App.CHouston [14th Dist.] 1996, writ denied) (quoting *Nguyen Ngoc Giao v. Smith & Lamm, P.C.*, 714 S.W.2d 144, 146 (Tex. App.CHouston [1st Dist.] 1986, no writ)); *Emerald Tex., Inc. v. Peel*, 920 S.W.2d 398, 402 (Tex. App.CHouston [1st Dist.] 1996, no writ); *First City Mortgage Co. v. Gillis*, 694 S.W.2d 144, 147 (Tex. App.CHouston [14th Dist.] 1985, writ ref=d n.r.e.); *Estes v. Republic Nat=l Bank*, 462 S.W.2d 273, 276 (Tex. 1970) (absent fraud, failure to read contract generally is not ground to avoid it). In the 1994 lawsuit, Lely performed under and complied with the indemnity agreement. Lely clearly had actual notice of this indemnity clause well before the 1996 occurrence and never objected to or sought to avoid that portion of the contract.[3] We hold, under the facts of this case, that Lely had actual notice and therefore the indemnity clause was not required to pass the fair-notice test. *See Dresser Indus., Inc.*, 853 S.W.2d at 508 n.2; *Coastal Transp. Co.*, 20 S.W.3d at 126.

---

[3] In *Goodyear Tire & Rubber Co. v. Jefferson Constr. Co.*, 565 S.W.2d 916 (Tex. 1978), the supreme court discussed whether actual notice was shown. *Id.* at 918-19. Lely attempts to distinguish *Goodyear Tire* because the court explained that it had to presume all findings of fact necessary to support the trial court=s judgment and could not consider contrary evidence. *Id.* at 917-19. Lely quotes a portion of the *Goodyear Tire* opinion but omits the discussion of whether Ait was not shown

**6**

when [the appellee=s] officers read [the indemnity clause], whether *before or after the occurrence of@the* incident giving rise to liability. *Id.* at 919 (emphasis added) (holding that the contention was based on evidence contrary to the fact finder=s determination and thus must be disregarded), *overruled in part by Dresser Indus.*, 853 S.W.2d at 509 (holding that compliance with fair-notice test is question of law, not fact question). We believe the quoted language supports the position that actual notice or knowledge at the time the contract is formed may not be necessary if the indemnitor has actual notice before the incident giving rise to liability occurs.

Furthermore, even if we were to assume that an indemnitor must have actual notice or knowledge at the time it enters into the contract, Lely ratified the indemnity provision by its conduct throughout its relationship with Union Pacific.[4] Ratification occurs if a party recognizes the validity of a contract by acting or performing under the contract or by otherwise affirmatively acknowledging it. *Stable Energy, L.P. v. Newberry*, 999 S.W.2d 538, 547 (Tex. App.CAustin 1999, pet. denied); *Fowler v. Resolution Trust Corp.*, 855 S.W.2d 31, 35 (Tex. App.CEl Paso 1993, no writ). In other words, if a party by its conduct recognizes a contract as valid, having knowledge of all relevant facts, it ratifies the contract. *Spellman v. American Universal Inv. Co.*, 687 S.W.2d 27, 29 (Tex. App.CCorpus Christi 1984, writ ref=d n.r.e.); *Motel Enters., Inc. v. Nobani*, 784 S.W.2d 545, 547 (Tex. App.CHouston [1st Dist.] 1990, no writ). Once a party ratifies a contract, it may not later withdraw its ratification and seek to avoid the contract. *Missouri Pac. Ry. Co. v. Brazil*, 10 S.W. 403, 406 (Tex. 1888); *Spellman*, 687 S.W.2d at 29. Ratification may be inferred by a party=s course of conduct and need not be shown by express word or deed. *Nobani*, 784 S.W.2d at 547; *Spellman*, 687 S.W.2d at 30; *see Sun Operating Ltd. P=ship v. Oatman*, 911 S.W.2d 749, 756 (Tex. App.CSan Antonio 1995,

---

[4] Lely contends that Union Pacific did not sufficiently raise the issue in its pleadings because it did not plead ratification until it filed its amended motion for summary judgment. A party may waive an affirmative defense such as ratification if it fails to plead it before the trial court. *Land Title Co. v. F.M. Stigler, Inc.*, 609 S.W.2d 754, 756 (Tex. 1980); *see* Tex. R. Civ. P. 94. However, a party need not plead a cause of action and its elements with specificity if it can be reasonably inferred. *McNeil v. Nabors Drilling USA, Inc.*, 36 S.W.3d 248, 250 (Tex. App.CHouston [1st Dist.] 2001, no pet.). A pleading is sufficient if it gives notice of the cause of action and facts being alleged so that the opposing party has the opportunity to adequately mount a defense. *Id.* Here, although Union Pacific did not explicitly plead ratification in its petitions, in its cross-claim against Lely, it pleaded that A[b]ased on past actions of LELY pursuant to the contract, LELY should be estopped from denying any duty to provided defense and indemnity.@ We believe that Union Pacific=s pleadings, arguing that Lely should not be allowed to first accept benefits under the contract and then attack the contract=s validity, sufficiently raised ratification to give Lely the opportunity to mount a defense. *See*

**8**

writ denied) (ratification found when party relied on Afactual assertions made by the very entity that is now trying to disavow them years later@).  Any act inconsistent with an intent to avoid a contract has the effect of ratifying the contract.  *Old Republic Ins. Co. v. Fuller*, 919 S.W.2d 726, 728 (Tex. App.CTexarkana 1996, writ denied).  Whether a party has ratified a contract may be determined as a matter of law if the evidence is not controverted or is incontrovertible.  *Id.*

The facts in this cause are uncontroverted:  (1) Lely accepted contractual benefits by using the railroad crossing since 1974; (2) Lely signed the 1982 addendum requiring higher insurance coverage to cover the covenant to indemnify; (3) Lely met Union Pacific=s demand for indemnity in the 1994 lawsuit; and (4) Lely did not attack the indemnity clause during the 1994 lawsuit or thereafter, waiting until this second lawsuit and demand for indemnification to attack the clause as unenforceable.  Such conduct was inconsistent with an intent to disavow the contract and acted to ratify the allegedly unenforceable clause.  *See id.*; *Nobani*, 784 S.W.2d at 547; *Spellman*, 687 S.W.2d at 29-30.

**Conclusion**

---

*id.*

Because we have held that Lely had actual knowledge of the indemnity provision of the contract,[5] the district court erred in granting Lely=s motion for summary judgment and denying Union Pacific=s motion. We sustain Union Pacific=s issues on appeal.

Attached to Union Pacific=s amended motion for summary judgment is an affidavit by Union Pacific=s counsel. She averred that Union Pacific incurred $39,226 in damages under the settlement with the plaintiffs, plus $111,368.75 in attorney=s fees and $22,443.72 in expenses from January 1998 through February 2001. The indemnity clause provides that Union Pacific should be indemnified for Adamages, expenses, attorneys=fees and cost[s].@ Lely did not attack Union Pacific=s evidence on the issue of attorney=s fees and expenses.

We reverse the district court=s judgment in favor of Lely, and we render judgment in favor of Union Pacific. We order Lely to pay Union Pacific $173,038.47 for damages, attorney=s fees, and expenses.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

_____

[5] Lely also contends that the indemnity clause is unenforceable because it does not satisfy either of the requirements of the fair-notice test, but due to our resolution of the question of actual notice, we need not reach that issue.

10

Reversed and Rendered

Filed:   August 30, 2002

Publish