In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-172 CV


____________________



THE KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant



V.



MISSOURI PACIFIC RAILROAD, individually and d/b/a UNION 


PACIFIC RAILROAD COMPANY, UNION PACIFIC RAILROAD 


COMPANY, UNION PACIFIC SYSTEM, Appellees






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B-980133-AC






MEMORANDUM OPINION


 The Kansas City Southern Railway Company (KCS) brought suit against Missouri
Pacific Railroad Individually and d/b/a Union Pacific Railroad Company, Union Pacific
Railroad Company, and Union Pacific System (Union Pacific) seeking damages for breach
of defense and indemnity obligations pursuant to a joint track agreement and for
declaratory relief. KCS seeks those damages pursuant to monetary losses incurred in
defending and settling an underlying lawsuit in which Union Pacific refused to defend and
indemnify KCS. Union Pacific moved for summary judgment on the basis the indemnity
provisions were unenforceable as a matter of law under the fair-notice test. Following a
hearing, the trial court granted Union Pacific's motion in its entirety. Subsequently, Union
Pacific filed a notice of non-suit of its counterclaim and the trial court dismissed it. KCS
brings this appeal claiming the trial court erred in granting summary judgment in favor of
Union Pacific.

 In its motion for summary judgment, Union Pacific asserted the indemnity
provisions in the Joint Track Agreement were unenforceable for failure to satisfy the
"conspicuousness" and "express negligence" requirements established by the Texas
Supreme Court in Ethyl and Dresser. 

 A contract which fails to satisfy either of the fair notice requirements
when they are imposed is unenforceable as a matter of law. See Dresser
Indus., Inc. v. Page Petroleum, Inc., 853 S.W.2d 505, 509-10 (Tex.1993);
see also U.S. Rentals, Inc. v. Mundy Serv. Corp., 901 S.W.2d 789, 792
(Tex.App.-Houston [14th Dist.] 1995, writ denied). One fair notice
requirement, the express negligence doctrine, requires that 'the intent of the
parties must be specifically stated in the four corners of the contract.' Ethyl
Corp. v. Daniel Constr. Co., 725 S.W.2d 705, 707 (Tex.1987). The other
requirement, of conspicuousness, mandates 'that something must appear on
the face of the [contract] to attract the attention of a reasonable person when
he looks at it.' Dresser, 853 S.W.2d at 508 (quoting Ling & Co. v. Trinity
Sav. & Loan Ass'n, 482 S.W.2d 841, 843 (Tex.1972)). . . . However, if
both contracting parties have actual knowledge of the plan's terms, an
agreement can be enforced even if the fair notice requirements were not
satisfied. Dresser, 853 S.W.2d at 508 n. 2 (citing Cate v. Dover Corp., 790
S.W.2d 559, 561 (Tex.1990)).


Storage & Processors, Inc. v. Reyes, 134 S.W.3d 190, 192 (Tex. 2004) (footnote omitted). 
The burden of establishing actual knowledge is on the party seeking indemnification. See
Missouri Pacific R. Co. v. Lely Development Corp., 86 S.W.3d 787, 791 (Tex. App.--
Austin 2002, pet. dism'd).

 Based on Reyes, we reject Union Pacific's argument that actual knowledge is
irrelevant. Likewise, Reyes refutes Union Pacific's contention that Lely incorrectly
analyzed Dresser by inserting express negligence into the fair notice test. Reyes clearly
holds the express negligence doctrine is one of two "fair notice" requirements and that
actual knowledge is an exception to those requirements. Reyes, 134 S.W.3d at 192.

 The record reflects Union Pacific signed a supplemental agreement in October of
1991 reinstating the agreement. "One who signs a contract is presumed to know its
contents and its legal effects." Lely, 86 S.W.3d at 791. KCS attached summary judgment
evidence that Union Pacific assumed the defense of KCS in a lawsuit after a demand was
made pursuant to the contract. In two cases, counsel for KCS originally filed an answer,
but Union Pacific then assumed the defense. The record contains no evidence Union
Pacific ever objected to or sought to avoid the contract. "Any act inconsistent with an
intent to avoid a contract has the effect of ratifying the contract." Id. at 792. 
Furthermore, Union Pacific accepted the benefits of the agreement by operating on the
joint tracks. "Ratification may be inferred by a party's course of conduct and need not be
shown by express word or deed." Id.

 We find the summary judgment evidence raises a fact issue as to whether Union
Pacific had actual knowledge of and/or ratified the defense and indemnity provisions of the
contract. Accordingly, the district court erred in granting Union Pacific's motion for
summary judgment. We reverse the trial court's judgment, and remand the cause for
further proceedings.

 The judgment of the trial court is REVERSED AND REMANDED.





 DON BURGESS

 Justice


Submitted on October 21, 2004

Opinion Delivered December 30, 2004



Before McKeithen, C.J., Burgess and Gaultney, JJ.