In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00007-CV
______________________________


REBECCA STAFFORD, AS NEXT FRIEND OF JOSHUA L. STAFFORD, A
MINOR, AND ON BEHALF OF OTHERS SIMILARLY SITUATED, Appellants
Â 
V.
Â 
ALLSTATE LIFE INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE 
PROPERTY AND CASUALTY COMPANY, ALLSTATE COUNTY 
MUTUAL INSURANCE COMPANY, ALLSTATE LLOYDS, AND 
ALLSTATE SETTLEMENT CORPORATION, Appellees


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 172nd Judicial District Court
 Jefferson County, Texas
Trial Court No. E-166,795


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â A simple automobile accident has resulted in a class-action lawsuit challenging settlement
practices of Allstate Insurance Company and several of its affiliated companies.



Â Â Â Â Â Â Â Â Â Â Â Â In 1997, Melvin Block allegedly caused an automobile accident which injured Joshua
Stafford. Stafford, through his mother, Rebecca Stafford sued and then agreed to a settlement with
Block and his insurer, Allstate Insurance Company. As part of the settlement, Stafford signed a
document releasing Block, Allstate, and Allstate's "affiliates" from all claims arising out of the
accident. Four years after signing the release, Stafford sued Allstate and several of its affiliates as
class representative of a purported class of persons who had been involved in structured settlements
with one or more of the Allstate entities. The trial court granted summary judgment in favor of
Allstate and its affiliates based on the affirmative defense of release.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the summary judgment favoring appellees Allstate Insurance Company, Allstate
Life Insurance Company, and Allstate Settlement Corporationâthe "Transaction Defendants"âand
reverse the summary judgment as to appellees Allstate Indemnity Company, Allstate Property and
Casualty Company, Allstate County Mutual Insurance Company, and Allstate Texas Lloydsâthe
"Nontransaction Defendants"âbecause (1) the release covers the settlement-related claims asserted
in the present lawsuit, (2) the release releases the Transaction Defendants, and (3)Â Stafford has
alleged sufficient facts to support personal standing as to the Nontransaction Defendants.
(1)Â Â Â Â Â Â Â The Release Covers the Settlement-related Claims Asserted in the Present Lawsuit
Â Â Â Â Â Â Â Â Â Â Â Â Summary judgment is properly granted only when the movant establishes that there are no
genuine Â issues Â of Â material Â fact Â and Â that Â Â it Â is Â entitled Â to Â judgment Â as Â a Â matter Â of Â law. Â Tex.
R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991); Mo. Pac. R.R. v.
Lely Dev. Corp., 86 S.W.3d 787, 790 (Tex. App.âAustin 2002, pet. dism'd). Because the propriety
of a summary judgment is a question of law, we review the trial court's decision de novo. Natividad
v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). The standards for review of a traditional
summary judgment are well established: (1) the movant must show that there is no genuine issue
of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there
is a disputed material fact issue precluding summary judgment, the court must take evidence
favorable to the nonmovant as true; and (3) the court must indulge every reasonable inference in
favor of the nonmovant and resolve any doubts in the nonmovant's favor. Tex. R. Civ. P. 166a(c);
Pustejovsky v. Rapid-Am. Corp., 35 S.W.3d 643, 645â46 (Tex. 2000); Nixon v. Mr. Prop. Mgmt.
Co., 690 S.W.2d 546, 548â49 (Tex. 1985). 
Â Â Â Â Â Â Â Â Â Â Â Â A defendant seeking summary judgment must, as a matter of law, negate at least one element
of each of the plaintiff's theories of recovery or plead and prove each element of an affirmative
defense. Mo. Pac. R.R., 86 S.W.3d at 790. Not until the defendant establishes its right to summary
judgment does the plaintiff bear the burden of raising a fact issue. Id. If a trial court's order granting
summary judgment does not specify the basis for the court's ruling, the summary judgment will be
affirmed if any of the theories advanced by the movant are meritorious. Carr v. Brasher, 776
S.W.2d 567, 569 (Tex. 1989).
Â Â Â Â Â Â Â Â Â Â Â Â The settlement agreement provided that Stafford would receive a set of structured payments
over a number of years. In return, Stafford released Block and Allstate from any future claims. To
pay for the settlement, Allstate was given the right to purchase an annuity from its affiliate, Allstate
Life Insurance Company.
Â Â Â Â Â Â Â Â Â Â Â Â The crux of the present lawsuit lies on the allegation that Allstate engaged in unlawful
behavior by forcing Stafford to accept an annuity from one of Allstate's affiliates rather than allowing
her to choose where to purchase an annuity to fund her settlement payments. Stafford also alleges
that Allstate charged undisclosed fees related to the purchasing of the annuity. Stafford's suit against
the Allstate companies alleges violations of the Texas Free Enterprise and Antitrust Act of 1983, the
Texas Deceptive Trade Practices Act, and the Texas Insurance Code, as well as conspiracy, unjust
enrichment, and conversion. Stafford contends these claims do not fall within the subject matter of
the settlement agreement release. We disagree.
Â Â Â Â Â Â Â Â Â Â Â Â A release is an agreement or contract in which one party agrees that a duty or obligation owed
by the other party is discharged immediately on the occurrence of a condition. Dresser Indus., Inc.
v. Page Petroleum, Inc., 853 S.W.2d 505, 508 (Tex. 1993); Williams v. Glash, 789 S.W.2d 261, 264
(Tex. 1990); Nat'l Union Fire Ins. Co. v. Ins. Co. of N. Am., 955 S.W.2d 120, 127 (Tex.
App.âHouston [14th Dist.] 1997), aff'd, Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co., 20
S.W.3d 692 (Tex. 2000). A release extinguishes a claim or cause of action and bars recovery on the
released matter. Dresser Indus., 853 S.W.2d at 508.
Â Â Â Â Â Â Â Â Â Â Â Â To release a claim effectively, the releasing instrument must "mention" the claim to be
released. Victoria Bank & Trust Co. v. Brady, 811 S.W.2d 931, 938 (Tex. 1991). Any claims not
"clearly within the subject matter" of the release are not discharged, even if those claims exist when
the release is executed. Id. It is not necessary, however, for the parties to anticipate and explicitly
identify every potential cause of action relating to the subject matter of the release. Keck, Mahin &
Cate, 20 S.W.3d at 698. Although releases generally contemplate claims existing at the time of
execution, a valid release may also encompass unknown claims and damages that develop in the
future. Id.
Â Â Â Â Â Â Â Â Â Â Â Â Like any other agreement, a release is subject to the rules of construction governing contracts,
including the tenet that courts will not rewrite agreements to insert provisions parties could have
included or to imply restraints for which they have not bargained. Tenneco, Inc. v. Enter. Prods. Co.,
925 S.W.2d 640, 646 (Tex. 1996); Williams, 789 S.W.2d at 264. When construing a contract, courts
must give effect to the true intentions of the parties as expressed in the written instrument. Lenape
Res. Corp. v. Tenn. Gas Pipeline Co., 925 S.W.2d 565, 574 (Tex. 1996). The contract must be read
as a whole rather than by isolating a certain phrase, sentence, or section of the agreement. State
Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 433 (Tex. 1995). The language in a contract is to
be given its plain grammatical meaning unless doing so would defeat the parties' intent. DeWitt
County Elec. Coop., Inc. v. Parks, 1 S.W.3d 96, 101 (Tex. 1999).
Â Â Â Â Â Â Â Â Â Â Â Â Stafford Â argues Â the Â release Â is Â limited Â to Â personal Â injury claims Â arising Â out Â the October
16, 1997, automobile accident. In support of this, Stafford points to language in the release that
states it is limited to claims which accrue, "on account of, or in any way growing out of, or which
are the subject of, the Complaint." 
Â Â Â Â Â Â Â Â Â Â Â Â By its language, the release applies to, "any and all past, present or future claims, . . . whether
based on a tort, contract or other theory of recovery, . . . which may hereafter accrue or otherwise be
acquired on account of, or in any way growing out of, or which are the subject of the Complaint."


 
The release is not limited to particular types of claims that resulted from the accident. Nor is it
limited solely to claims that existed at the time the release was executed. The release covers all
claims, based on any theory of recovery, accruing at any time in the past or future, that grow out of
the accident. The release shows no intent to be limited in the manner which Stafford suggests. 
Absent any language of limitation, we cannot supply such a narrow interpretation.



Â Â Â Â Â Â Â Â Â Â Â Â The claims in Stafford's present lawsuit are based on actions taken by Allstate during the
settlement negotiations and actions taken as a result of the settlement. The settlement negotiations
and the settlement itself were a direct result of the automobile accident, i.e., they would not have
occurred but for the accident. Therefore, Stafford's claims based on the settlement and settlement
negotiations grew out of the accident. In fact, Stafford's own petition states, "Specifically, the claims
arise out of the conduct in the underlying lawsuit filed in Jefferson County, Texas." The release bars
any claims that grew out of the accident. Hence, the release contained in the settlement agreement
bars Stafford's claims against all parties that were released.
Â 
Â 
Â 
(2)Â Â Â Â Â Â Â The Release Covers the Transaction Defendants
Â Â Â Â Â Â Â Â Â Â Â Â Though Stafford contends the release is applicable only to Allstate Insurance Company, we
conclude the release is applicable to Allstate Insurance Company, Allstate Settlement Corporation,
and Allstate Life Insurance Companyâthe Transaction Defendants.
Â Â Â Â Â Â Â Â Â Â Â Â A release discharges only those persons or entities that it names or specifically identifies. 
McMillen v. Klingensmith, 467 S.W.2d 193, 196 (Tex. 1971). One can claim the protection of a
release only if the release refers to him or her by name or with such descriptive particularity that his
or her identity or connection with the event is not in doubt. Duncan v. Cessna Aircraft Co., 665
S.W.2d 414, 420 (Tex. 1984). "The McMillen requirement of specific identification is not met
unless the reference in the release is so particular that a stranger could readily identify the released
party." Id. at 419.
Â Â Â Â Â Â Â Â Â Â Â Â By its own language, the release signed by Stafford applies to any "subsidiaries, affiliates,
partners, predecessors and successors in interest and assigns" of Allstate Insurance Company. 
Elsewhere in the settlement agreement and release, Allstate is given the right to assign its obligation
to Allstate Settlement Corporation. Allstate is also given the right to purchase an annuity from
Allstate Life Insurance Company. 
Â Â Â Â Â Â Â Â Â Â Â Â Given their similar names and their inclusion within the settlement agreement itself, even a
stranger to the transaction would have little trouble identifying Allstate Settlement Corporation and
Allstate Life Insurance Corporation as affiliates of Allstate Insurance Company. Therefore, the
release is applicable to both Allstate Life Insurance Corporation and Allstate Settlement Corporation,
as well as Allstate Insurance Company.
(3)Â Â Â Â Â Â Â Stafford Has Alleged Sufficient Facts to Support Personal Standing as to the Nontransaction
Defendants

Â Â Â Â Â Â Â Â Â Â Â Â The parties agree that the release is not applicable to any of the Nontransaction
DefendantsâAllstate Indemnity Company, Allstate County Mutual Insurance Company, Allstate
Texas Lloyds, and Allstate Property and Casualty Company. The only question, then, is whether
Stafford has pled sufficient facts to establish standing against those parties. We conclude she has.
Â Â Â Â Â Â Â Â Â Â Â Â Because standing is a component of subject-matter jurisdiction, we consider the plaintiffs'
standing under the same standard by which we review subject-matter jurisdiction generally. That
standard requires the pleader to allege facts that affirmatively demonstrate the court's jurisdiction to
hear the case. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). We
construe the pleadings in favor of the plaintiffs and look to the pleaders' intent. Id. If the plaintiffs
lack standing, the trial court has no jurisdiction over the merits of the claim, and the entire cause
must be dismissed. Bell v. Moores, 832 S.W.2d 749, 753â54 (Tex. App.âHouston [14th Dist.]
1992, writ denied).
Â Â Â Â Â Â Â Â Â Â Â Â To establish standing, a person must show a personal stake in the controversy. Hunt v. Bass,
664 S.W.2d 323, 324 (Tex. 1984). That is, they must allege personal injury fairly traceable to the
defendant's unlawful conduct and likely to be redressed by the requested relief. Brown v. Todd, 53
S.W.3d 297, 305 (Tex. 2001), citing Allen v. Wright, 468 U.S. 737, 751 (1984).
Â Â Â Â Â Â Â Â Â Â Â Â Stafford alleges that a conspiracy existed among all of the named appellees. Stafford's 
third amended petition states,
Each of the Defendants participated in the misconduct complained of herein, as a
primary participant, co-conspirator and/or aider-and-abettor. Defendants combined
among themselves to accomplish a shared unlawful purpose â to make illegal profits
by coercing Plaintiffs into accepting illegal structured settlements funded by annuities
from Allstate Life and Allstate Settlement with mutual aid and a tacit understanding
in carrying it out, and committed the other acts alleged in this Petition and have
damaged Plaintiff and the Class Members. Defendants are each responsible for all
wrongdoing done by each and any of the other conspirators in furtherance of the
unlawful combination(s).

Stafford further alleges that each appellee harmed Stafford personally by participating in the alleged
conspiracy. Specifically, Stafford alleges in her petition,
Â 
Each of the Defendants repeatedly and knowingly coerced Plaintiff and the Class into
accepting structured settlements funded by annuities at lower than market and
competitive rates, charged excessive fees and commissions, funded the annuities at
amounts less than agreed to by Plaintiffs, and paid or accepted illegal
rebates/kickbacks.

Additionally, the petition alleges,
Â 
Defendants' wrongful plan, scheme and common course of conduct was designed to
and did induce Plaintiffs and other members of the Class to enter into structured
settlements funded by annuities with Allstate Life under unlawful circumstances, and
through fraudulent means, to the detriment of Plaintiff and the Class members.

This language, as well as other language in Plaintiff's Third Amended Petition, is sufficient to allege
that all the named appellees caused Stafford harm, not just those covered by the release. Although
the remaining appellees are not alleged to have been directly involved in the original settlement
agreement and release with Stafford, they are alleged to have harmed Stafford through their
participation in a concerted scheme or plan.



Â Â Â Â Â Â Â Â Â Â Â Â Stafford has alleged personal injury directly traceable to the remaining appellees' conduct. 
Therefore, she has pled sufficient allegations to support personal standing against the remaining
appellees. As noted above, the parties do not claim that Stafford is otherwise barred from bringing
suit against the remaining appellees.
Â Â Â Â Â Â Â Â Â Â Â Â Accordingly, we reverse the summary judgment as to Allstate Indemnity Company, Allstate
Property and Casualty Company, Allstate County Mutual Insurance Company, and Allstate Texas
Lloyds, and remand to the trial court for further proceedings.
Conclusion
Â Â Â Â Â Â Â Â Â Â Â Â Because the release signed March 22, 1999, covers the claims made by Stafford in the present
suit and covers Allstate Insurance Company, Allstate Life Insurance Company, and Allstate
Settlement Corporation, we affirm the summary judgment in favor of those appellees. But, because
Stafford has alleged sufficient facts to establish standing as to Allstate Indemnity Company, Allstate 
Property and Casualty Company, Allstate County Mutual Insurance Company, and Allstate Texas 
Lloyds, we reverse the summary judgment in favor of those appellees and remand this case to the
trial court for further proceedings consistent with this opinion.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â September 12, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â October 18, 2005



>

   Counsel
mailed a copy of the brief and a letter to Mason on June 29, 2011, informing
Mason of his right to file a pro se response and of his right to review the
record.Â  No response has been filed.Â  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.Â  

Â Â Â Â Â Â Â Â Â Â Â  We
have determined that this appeal is wholly frivolous. Â We have independently reviewed the clerkÂs
record and the reporterÂs record, and find no genuinely arguable issue.Â  See Halbert v. Michigan, 545 U.S. 605, 623 (2005).Â  We, therefore, agree with counselÂs
assessment that no arguable issues support an appeal.Â  See
Bledsoe v. State, 178 S.W.3d 824, 826Â27 (Tex. Crim. App. 2005).Â  

Â Â Â Â Â Â Â Â Â Â Â  We
affirm the judgment of the trial court.[1]

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  September 12, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  September 13, 2011

Â 

Do Not PublishÂ Â Â Â Â Â Â Â Â Â  











[1]Since we agree this case presents no reversible error,
we also, in accordance with Anders,
grant counselÂs request to withdraw from further representation of appellant in
this case.Â  No substitute counsel will be
appointed.Â  Should appellant wish to seek
further review of this case by the Texas Court of Criminal Appeals, appellant
must either retain an attorney to file a petition for discretionary review or
appellant must file a pro se petition for discretionary review.Â  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last timely
motion for rehearing or for en banc reconsideration was overruled by this
Court.Â  See Tex. R. App. P.
68.2.Â  Any petition for discretionary
review must be filed with the clerk of the Texas Court of Criminal
Appeals.Â  See Tex. R. App. P.
68.3 (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104,
effective Sept. 1, 2011).Â  Any petition
for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure.Â  See Tex.
R. App. P. 68.4.