Opinion issued July 20, 2006












In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00993-CV




HUNTER CARRUTH, Appellant

V.

SCI TEXAS FUNERAL SERVICES, INC., Appellee




On Appeal from County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 811602




O P I N I O N

          The motion for rehearing


 filed by appellees, SCI Texas Funeral Services, Inc.
is denied. This court’s opinion and judgment dated April 13, 2006 are withdrawn,
and this opinion and judgment are substituted with minor modifications. 
          Appellant, Hunter Carruth, brought suit against appellee, SCI Texas Funeral
Services, Inc. (SCI), for intentional infliction of emotional distress and violations of
the Texas Health and Safety Code’s provisions on the disposition of remains. See
Tex. Health & Safety Code Ann. § 711.002 (Vernon 2003) (providing statutory
guidelines for the disposition of remains and the duty to inter). In his sole issue on
appeal, Carruth contends that the trial court erred in granting SCI’s motion for
summary judgment by (1) misinterpreting section 711.002 of the Health and Safety
Code; (2) ignoring genuine issues of material fact; and (3) striking parts of Carruth’s
affidavit that tended to support his response to SCI’s summary judgment motion.


 
          We affirm. 
BACKGROUND 
          Carruth’s wife, Barbara P. Jordy Carruth, died on February 27, 2002. 
Approximately two weeks earlier, on February 10, 2002, Yvonne Alden, Barbara’s
daughter from a previous marriage, signed a contract with SCI, doing business as
Forest Park Westheimer Funeral Home, that prearranged funeral services for Barbara. 
Alden possessed authority to sign this contract on behalf of Barbara because Barbara
appointed Alden as her attorney-in-fact by executing a statutory durable power of
attorney on September 24, 2001. On the same date, Barbara executed a Declaration
of Guardian in the Event of Later Incapacity naming Alden guardian of her person
and estate. The declaration expressly forbade Carruth from acting as guardian of
Barbara’s person or estate. 
          On February 27, 2002, the day of Barbara’s death, Carruth learned that
Barbara’s body had been sent to Forest Park for burial. He contacted the funeral
home, which, for reasons immaterial to the disposition of this appeal denied receiving
Barbara’s body or knowing of any burial services for her. Carruth subsequently
learned that Forest Park had, in fact, performed Barbara’s funeral services pursuant
to the contract for prearranged funeral services signed by Alden on February 10,
2002. Carruth filed suit against SCI, alleging intentional infliction of emotional
distress and violations of section 711.002 of the Health and Safety Code. See Tex.
Health & Safety Code Ann. § 711.002.
          SCI moved for summary judgment, contending that, pursuant to section
711.002(i) of the Health and Safety Code, it could not be held liable for carrying out
its contract with Alden because of her representation that she was entitled to dispose
of Barbara’s remains. See id. § 711.002(i). According to section 711.002(i):
A cemetery organization, a business operating a crematory or
columbarium or both, a funeral director or an embalmer, or a funeral
establishment [“funeral home”] shall not be liable for carrying out the
written directions of a decedent or the directions of any person who
represents that the person is entitled to control the disposition of the
decedent’s remains. 

Id. The trial court granted SCI’s summary judgment motion on June 3, 2004, and this
appeal followed.


DISCUSSION
          In his sole issue on appeal, Carruth contends that the trial court erred in
granting SCI’s motion for summary judgment by (1) misinterpreting section 711.002
of the Health and Safety Code; (2) ignoring genuine issues of material fact; and (3)
striking parts of appellant’s affidavit that supported his response to SCI’s summary
judgment motion. 
          Standard of Review
          Summary judgment is a question of law. Provident Life & Accident Ins. Co.
v. Knott, 128 S.W.3d 211, 220 (Tex. 2003). Thus, we review a trial court’s summary
judgment decision de novo. Id. The standard of review for a traditional summary
judgment motion is threefold: (1) the movant must show that there is no genuine issue
of material fact and that he is entitled to judgment as a matter of law; (2) in deciding
whether there is a disputed material fact issue precluding summary judgment, the
court must take evidence favorable to the nonmovant as true; and (3) the court must
indulge every reasonable inference in favor of the nonmovant and resolve any doubts
in the nonmovant’s favor. Tex. R. Civ. P. 166a(c); Pustejovsky v. Rapid-Am. Corp.,
35 S.W.3d 643, 645–46 (Tex. 2000); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548–49 (Tex. 1985). A defendant seeking summary judgment must, as a matter of
law, negate at least one element of each of the plaintiff’s theories of recovery or plead
and prove each element of an affirmative defense. Missouri Pac. R.R. v. Lely Dev.
Corp., 86 S.W.3d 787, 790 (Tex. App.—Austin 2002, pet. dism’d). 
          The Trial Court’s Decision to Grant SCI’s Summary Judgment Motion
          SCI’s motion for summary judgment relied on section 711.002(i) of the Health
and Safety Code. Section 711.002(i) protects funeral homes from liability when they
carry out the instructions of “a decedent or . . . any person who represents that the
person is entitled to control the disposition of the decedent’s remains.” Tex. Health
& Safety Code Ann. § 711.002(i). Here, undisputed evidence establishes that
Barbara had appointed Alden as her attorney in fact, giving Alden the authority to act
in her stead, and that Alden had then executed a contract for prearranged funeral
services, providing for the disposition of Barbara’s remains. According to SCI,
absent a fact issue concerning Alden’s representations, summary judgment was
proper pursuant to section 711.002(i). Carruth, however, contends that section
711.002(i)’s protections do not apply when a funeral home fails to prioritize
instructions for burial services in a manner consistent with section 711.002(a). Id. §
711.002(a). He argues that because section 711.002(a) grants preference in
controlling a decedent’s remains to a surviving spouse relative to surviving adult
children, SCI cannot claim immunity under section 711.002(i). 
          Section 711.002(a) of the Health and Safety Code provides that:
Unless a decedent has left directions in writing for the disposition of the
decedent’s remains as provided in Subsection (g), the following persons,
in the priority listed, have the right to control the disposition, including
cremation, of the decedent’s remains, shall inter the remains, and are
liable for the reasonable cost of interment: 
 
(1)the person designated in a written instrument signed
by the decedent; 
 
(2) the decedent’s surviving spouse;
 
(3) any one of the decedent’s adult children; 
 
(4) either one of the decedent’s surviving parents; 
 
(5) any one of the decedent’s surviving adult siblings;
or
 
(6) any adult person in the next degree of kinship in the
order named by law to inherit the estate of the
decedent.

Id. (emphasis added). Section 711.002(g) provides, in relevant part, that “[a] person
may provide written directions for the disposition, including cremation, of the
person’s remains in a will, a prepaid funeral contract, or a written instrument signed
and acknowledged by such person.” Id. at 711.002(g) (emphasis added). 
          Under section 711.002(a), a decedent can leave written instructions for the
disposition of his or her remains pursuant to section 711.002(g). Id. Such written
instructions, by the plain language of section 711.002(a), take priority over any other
person’s right to control the disposition of the remains. The durable power of
attorney Alden and Barbara signed on September 24, 2001, specifically granted Alden
the “[f]ull power and authority to do and perform all and every act and thing
whatsoever requisite and necessary to be done, as fully, to all intents and purposes,
as I [Barbara] might or could do if personally present.” Consequently Alden’s
signing the prepaid funeral contract on February 10, 2002, was the functional
equivalent of Barbara herself signing the contract. Thus, Barbara did effectively
leave written directions for the disposition of her remains, and therefore, the
prioritization in section 711.002(a), which applies only in the absence of such
instructions, is inapplicable. 
          Section 711.002(i) provides that a funeral establishment “shall not be held
liable for carrying our the written instructions of a decedent or the directions of any
person who represents that the person is entitled to control the disposition of the
decedent’s remains.” Id. § 711.002(i). Because in disposing of Barbara’s remains,
SCI was carrying out the written directions of Barbara herself as expressed by Alden,
and SCI was also relying on the directions of Alden as the person entitled to control
the disposition of Barbara’s remains, SCI is entitled to immunity to Carruth’s claims
under section 711.002(i). See id. § 711.002(i). 
          Because SCI was entitled as a matter of law to rely on the prepaid funeral
contract and Alden’s representations regarding the disposition of Barbara’s remains,
we need not consider Carruth’s contentions regarding the trial court’s decision to
strike portions of his affidavit and the applicability of section 711.002(k).



          We overrule Carruth’s sole issue on appeal.CONCLUSION
          We affirm the judgment of the trial court. 
 
 
 
                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.